KASPRZAK and husband, Respondents, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and others, Appellants: GUAJARDO, Third-Party Defendant.

*No. 287. Submitted March 1, 1973.—Decided March 27, 1973.*
(Also reported in 205 N. W. 2d 161.)

For the appellants the cause was submitted on the brief of *Thomas J. Regan* of Milwaukee.

For the respondents the cause was submitted on the brief of *Edward Rudolph* of Milwaukee.

For the third-party defendant the cause was submitted on the brief of *Norman L. Schatz* of Milwaukee.

PER CURIAM. Appellants have raised two issues on this appeal. The first is whether the evidence is sufficient to support the jury's determination that Carron, the driver insured by State Farm, was causally negligent. The second issue is whether the damages for pain and suffering and disability awarded by Judge DECKER, sitting without a jury on that phase of the case, were excessive.

Each driver testified that he had the green light at the intersection. While Carron had other witnesses to support his testimony that the light was green for him, and Guajardo, the other driver, had no other witnesses in support of his testimony, we cannot hold as a matter of law that Guajardo's testimony was incredible. Accordingly, the jury verdict on liability must be affirmed.

Appellants question two items of the damage award. The first is the award of $96,000 for pain and suffering; the second is the award of $100,000 for disability.

At the time of the accident Estelle Kasprzak was forty-six years old and in good health, except for the fact that she had been blind in one eye since she was a child. She sustained third-degree burns over 17 percent of her body, principally her legs. She has ugly scars from toe to thigh on both legs. Her right ankle has a large open sore which can never be closed and will continue to drain indefinitely. Since the accident she has been unable to get a good night's sleep, has had no sexual relations with her husband, and uses a walker to get around. She seldom leaves the house and does no entertaining. She does not enjoy the company of other people anymore, because of her self-conscious feelings about her legs.

Since the accident she has had 13 operations and has been hospitalized nine times. Her right ankle constantly hurts. She also experiences pain in her left ankle and swelling in the left ankle and leg. She cannot

remain standing for any extended period of time because of the swelling. Dr. George Collentine testified that she had been totally disabled for three years prior to trial, and that an amputation of her right leg between the ankle and knee was necessary. The special damages, which are not challenged on this appeal, include $30,878.40 for medical expenses, and $17,576 for loss of past earnings. The damages awarded for pain, suffering, and disability are not so high as to be excessive.

The judgment is affirmed.